Thomas L. Whitaker *et al.* plaintiffs in error, *v.* Joseph Gautier, defendant in error.

### *Error to Jo Daviess.*

There are four cases in which a forcible entry and detainer may be maintained in this State: 1. Where there has been a wrongful or illegal entry upon the possession of another; 2. Where there has been a forcible entry upon such possession; 3. Where any person may be settled upon the public lands within this State, when the same have not been sold by the General Government; and 4. Where there has been a wrongful holding over by a tenant after the expiration of the'time for which the premises may have been let to him. In the three first classes, before the action can be maintained, there must be an illegal and forcible 'entry upon the *actual*, or, as in the case of a settlement upon the public lands, *constructive* possession of another. In either of the cases, it is not sufficient to charge in the complaint that the complainant's *right* to the possession only, had been invaded by the forcible or illegal entry.

If one has the actual possession with or without title, or such a claim to public lands as is recognized by the statute, he can maintain an action of forcible entry and detainer against any one illegally or forcibly intruding into such possession.

A complaint for a forcible entry and detainer should clearly show the foundation of the right, which is sought to be enforced; and that the wrongful or illegal entry was made upon the actual or constructive possession of the plaintiff; or the existence of landlord and tenant and a wrongful holding over.

In order to enable one settled upon the public lands to maintain forcible entry and detainer, in the absence of paper title, his possession must extend, according to the custom of the neighborhood, to the number of acres embraced by his claim, not exceeding a quarter section of surveyed, or a half section of unsurveyed land.

Forcible entry and detainer, originally commenced before a justice of the peace of Jo Daviess county by the defendant in error against the plaintiffs in error. The case was taken by appeal to the Jo Daviess Circuit Court, and there tried before the Hon. Thomas C. Browne and a jury, at the October term 1843, when a verdict of guilty was rendered against the defendants below.

The allegations of the complaint are substantially set. forth in the Opinion of the Court.

*J. Butterfield,* for the plaintiffs in error.

I.   The complaint made on oath by Gautier was not sufficient to give the Court jurisdiction.   It does not state that the complainant was seized, or had possession of the *locus in quo* at the time of the defendant's entry.

An indictment for forcible entry and detainer, must state a seizin in the prosecutor at the time of the entry.  1 Caines, 125.

The indictment must show the prosecutor to be dispossessed of a freehold, or to be disseized of a term of years yet to come.   13 Johns. 341.

A complaint for a forcible entry and detainer must allege that the complainant was seized of the premises, or possessed thereof for a term of years.   2 N. Hamp. 550, and authorities there cited.

The plaintiff must show himself to have been in peaceable possession before the defendants' entry.   Possession is evidence of seizin to support the allegation that complainant was seized.   11 Johns. 504.

A person not having possession in fact, cannot maintain forcible entry and detainer.   1 A. K. Marsh. 254–5; 3 do. 127–8; 2 U. S. Dig. 436, § 180; 1 Hall's Sup. Ct. R. 240.

In this case the complainant only swears that he was "entitled to possession;" he does not allege seizin or right of property in the premises.   The mere right of possession arising from right of property is not sufficient to authorize a recovery for forcible entry and detainer.   The plaintiff in such cases must show actual possession either by himself or tenant.   1 Porter, 146.

The complaint is the foundation of the action, and must contain sufficient matter to give the justice jurisdiction, or the whole proceedings will be *coram non judice* and void.   Breese, 264.

It was not necessary that this objection to the complaint should have been made in the Court below.   It is a defect of *record;* it has not been waived by any pleading over.   It goes to the jurisdiction, and may be raised by writ of error, as was done in the case in Breese.

II.  The Court erred in admitting in evidence the certificate of the register of the land office, that the complainant had filed in his office proof of right of pre-emption, thereby to establish his right of possession to the premises.

1.  The authorities cited on the first point show that the mere right of possession arising from right of property is not sufficient; the certificate therefore did not tend to prove any fact pertinent to the issue.

2.  The complaint alleges that the defendant entered and took possession on the 1st March, 1842.  The register's certificate does not show when the proof was filed, but alleges the tender of the purchase money on the 16th of June, 1842, more than three months after the entry.

The time of the entry is material, and must be laid to be after the commencement of the complainant's possession. 6 Cowen, 149.

The certificate did not tend to show any right of pre-emption or possession at the time of the entry.

3.  The certificate that the complainant had filed with the register proof of pre-emption, and tendered the purchase money, establishes nothing.  The mere filing with the register proof of pre-emption confers upon the complainant no right or interest in the land.  Filing proof of pre-emption confers no right until it has been passed upon, and the pre-emption allowed, and the land entered and purchase money paid.

The bill of exceptions states that there was no other evidence offered on the trial of the cause of any right or proof of pre-emption except the said certificate.

The certificate did not show that the land was subject to pre-emption, or that the proof was sufficient, or that it had been passed upon or allowed, or that the complainant was entitled to pre-emption of the said land.  It merely showed that the complainant had filed proof with the register.  Any and all persons have a right to file proof with the register, but it amounts to nothing, until it has been acted on and the pre-emption allowed.

The right of pre-emption is a mere right to enter and pur-

chase the public lands at the *minimum* price. At Common Law, the title of the public lands remains in the Government until the Patent emanates.]

The laws of this State have authorized actions of trespass, and forcible entry and detainer to be maintained by one person against another for the public lands in two cases only.

1. When a person has received the register's certificate of the entry or purchase of a tract of land, such certificate shall be deemed and taken to be evidence of title, &c. Rev. Stat. 232, § 4.

2. Where a person has settled on the public lands, his possession shall be evidence as extending to the number of acres embraced by his claim, according to the custom of the neighborhood, not exceeding in the whole 320 acres, provided, where the lands have been surveyed, the claim shall not exceed 160 acres, and be ascertained by land marks so plainly made that the same may be designated from other lands contiguous thereto, and the claimant shall reside on or near the same. Act of 1837, cited in 1 Scam. 183; Act of 16th Feb. 1839.

*E. B. Washburne,* for the defendant in error.

In regard to the second error assigned. An objection to the complaint in this case cannot be raised for the first time in this Court. No objection made to it in the Court below.

The justice of the peace had jurisdiction of the subject matter of the suit. The complaint shows sufficient to give such jurisdiction. All objections to its sufficiency, therefore, should have been made before the justice. No exceptions having been taken before the justice, or in the Circuit Court, it is too late to object here.

But the complaint is good, "here and elsewhere."

If it does not show that the complainant was in possession of the *locus in quo* at the time the defendants entered, it shows that he was entitled to the "peaceable, sole and exclusive possession" of it, and that the defendants "unlawfully and without right" entered and took possession. That is sufficient under our statute.

By the first section of our forcible entry and detainer law, three cases are provided for:

*First.* A wrongful or illegal entry as contra-distinguished from a forcible or violent one;

*Second.* A forcible entry by means of actual violence; and

*Third.* That of wrongfully holding over by a tenant. *Atkinson* v. *Lester,* 1 Scam. 407.

This case comes under the first head. It is one of those "cases where entry is not given by law."

The Opinion of the Court was delivered by

Purple, J. The defendant in this Court, who was plaintiff below, brought an action of forcible entry and detainer against the plaintiffs in error, before a justice of the peace of Jo Daviess county.

The complaint states, that Gautier, on the 1st day of March, 1842, was lawfully entitled to the peaceable, sole, and exclusive possession of a certain tract of land containing 160 acres, (describing it,) and that on the same day, and while the said Gautier was so entitled to such possession, the plaintiffs unlawfully, and without any right of possession, entered upon and took possession of a part of the land outside of defendant's fence, and within the surveyed lines of the quarter section, and detained the possession of the said part from the said defendant, and continued to do so; whereby the said plaintiffs were guilty of a forcible entry and detainer, &c.

Upon the trial of the cause before the justice, and also in the Circuit Court, there were verdicts and judgments in favor of the plaintiff below.

Among other things, it is assigned for error here, that the complaint is defective, and does not show jurisdiction in the justice before whom the action was instituted. This is the only point presented which it is necessary to decide.

The action of forcible entry and detainer may now be maintained in this State in four cases:

*First.* Where there has been a wrongful or illegal entry upon the possession of another;

*Second.* Where there has been a forcible entry upon such possession;

*Third.* Where any person may be settled upon the public lands within this State, when the same have not been sold by the General Government; in the absence of paper title, for the purposes of this action, his possession will extend, according to the custom of the neighborhood, to the number of acres embraced by his claim, not exceeding 160 acres of surveyed, or 320 acres of unsurveyed land; and

*Fourth.* Where there has been a wrongful holding over by a tenant after the expiration of the time for which the premises may have been let to him.

In the three first classes of cases above mentioned we understand, that before this action can be maintained there must be an illegal or forcible entry upon the actual, or, as in the case of a settlement upon public lands, constructive possession of another; and that it is not sufficient to charge in the complaint, that the complainant's right to the possession only was invaded by the forcible or illegal entry.

If the complaining party has actual possession with or without title, or such a claim to public lands as is recognized by our statutes, he can maintain this action against any one illegally or forcibly intruding into such possession.

In either of the cases mentioned, the complaint should clearly show the foundation of the right which is sought to be enforced, and that the wrongful or illegal entry was made upon such actual or constructive possession of the plaintiff, or, the existence of the relation of landlord and tenant and a wrongful holding over.

This complaint does not come within any of these rules. It only shows that the defendant in error was entitled to the possession, and that the plaintiffs entered forcibly and kept him out.

Neither the justice of the peace nor the Circuit Court had jurisdiction of the subject matter of the complaint.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*